UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GREGORY HARRISON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 5:23-CV-05003-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION TO DISMISS AND DENYING § 2255 RELIEF |

Under a plea agreement, Petitioner Gregory Harrison pleaded guilty to one count of conspiracy to commit bank fraud under 18 U.S.C. §§ 1344 and 1349 and two counts of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). Doc. 1 at 1; CR Doc. 123.[1] As part of the agreement, counsel for the Defendant and the United States jointly recommended a total sentence of 60 months for the three counts, but he received a 119-month sentence. CR Doc. 123; ST at 61. After losing a direct appeal challenging a Rule 11 error and the substantive reasonableness of his sentence, Harrison now moves for relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. See Doc. 1; United States v. Harrison, 37 F.4th 495, 497 (2022). The United States moves to dismiss the motion. Doc. 19.

---

[1] Docket entries from Harrison's criminal case (5:20-CR-50018-JLV-1) will be cited as "CR Doc." Docket entries from the present case will be cited as "Doc." The transcript from Harrison's change of plea hearing will be cited as "PT." The transcript from his sentencing hearing will be cited as "ST."

1

**I.      Facts**

In January 2020, Gregory Harrison was charged with one count of conspiracy to commit bank fraud, eleven counts of bank fraud, and four counts of aggravated identity theft—16 counts in total. CR Doc. 1; Harrison, 37 F.4th at 497. Assistant Federal Public Defender Thomas Diggins represented Harrison and, after extensive discussions with Assistant United States Attorney Megan Poppen (the "AUSA"), negotiated a non-binding plea agreement with the United States, which Harrison signed on December 14, 2020. CR Doc. 91; Harrison, 37 F.4th at 497. Under the agreement, the United States agreed to dismiss thirteen of the counts in exchange for Harrison pleading guilty to one count of conspiracy to commit bank fraud and two counts of aggravated identity theft. CR Doc. 91 at 2–3. The plea agreement indicated that the statutory maximum sentence for conspiracy to commit bank fraud was thirty years and that each aggravated identity theft charge carried a maximum sentence of two years. Id. at 2. The plea agreement did not specify that there was a two-year mandatory minimum for each conviction of aggravated identity theft. See id.; 18 U.S.C. § 1028A(a)(1) (stating a convicted defendant "shall . . . be sentenced to a term of imprisonment of 2 years").

Harrison had a change of plea hearing on December 23, 2020, in front of the Honorable Daneta Wollmann. See Harrison, 37 F.4th at 498. During the hearing, Magistrate Judge Wollmann accurately stated and discussed the statutory maximums for all three counts and, with clarification Harrison and his counsel provided, explained that the aggravated identity theft counts would run consecutively to the conspiracy count but could run concurrently with each other. Id.; PT at 7–8. However, like the initial plea agreement, Magistrate Judge Wollmann did not inform Harrison that

each count of aggravated identity theft had a two-year mandatory minimum sentence, and counsel did not object. See PT at 7–8.

Harrison was then scheduled for a sentencing hearing in April. CR Doc. 101. In preparation for the hearing, probation filed a draft presentence investigation report ("PSR") on February 10, 2021. CR Doc. 113. The draft PSR included information about the statutory maximums for the offenses but omitted further information about a mandatory minimum for the aggravated identity theft charges.[2] See CR Doc. 113 ¶ 112. Defense counsel Diggins reviewed the PSR with Harrison and filed objections on March 2, 2021, but he did not object to the failure to mention the mandatory minimum. See CR Doc. 122 at 3–4 (objecting only to an enhancement for manufacturing identifications ("IDs") and an enhancement for being an "organizer or leader" of the conspiracy).

At some time in February, Harrison received the Amended Plea Agreement, which properly identified the mandatory and consecutive penalty for aggravated identity theft. See CR Doc. 123 at 2 (noting that Counts 13 and 15 each "carr[y] a mandatory sentence of 2 years in prison" that "shall run consecutively to any other sentence imposed"). Harrison initially refused to sign the Amended Plea Agreement and made remarks about withdrawing his guilty plea because, having now learned about the two-year mandatory minimum, he was concerned that imposition of just the recommended 60-month sentence was unrealistic. Doc. 1 at 5; see also Doc. 17 ¶ 118. Nonetheless, after discussing the challenges associated with withdrawing pleas,

---

[2] Paragraph 112 of the PSR addressing statutory sentencing ranges reads as follows:

> **Statutory Provisions:** Count 1: The maximum term of imprisonment is 30 years. 18 U.S.C. § 1344. Counts 13 and 15: The maximum term of imprisonment is 2 years on each count. 18 U.S.C. § 1028A(a)(1).

CR Doc. 113 ¶ 112.

3

Diggins's plan for arguments at sentencing, and prosecutor Poppen's position on the 60-month recommendation, Harrison signed the Amended Plea Agreement on March 2, 2021.[3] Harrison, 37 F.4th at 498; see also CR Doc. 123 at 10.

Now-retired district judge Jeffrey L. Viken sentenced Harrison on April 15, 2021. Doc. 1 at 4, 6; CR Doc. 135. At the sentencing hearing, Harrison's attorney objected to the PSR provision regarding Harrison's role as an organizer, withdrew his objection to the enhancement for manufacturing IDs, and did not object to the provision related to the sentencing maximums and minimums. Harrison, 37 F.4th at 501; see also CR Doc. 122 at 3–4; ST at 6–7, 39. The sentencing judge twice mentioned the mandatory minimum during the hearing, without any party objecting. ST at 4, 40. Harrison filed an allocution statement prior to the hearing and had the opportunity to speak at the hearing; he accepted responsibility in both and made no comment about his counsel's performance or the consecutive and mandatory aggravated identity theft penalty. CR Doc. 132; ST at 47.

The sentencing judge assessed the appropriateness of the 60-month joint sentencing recommendation by considering the complexity of Harrison's fraud scheme, the distinct facts underlying the counts, and other relevant factors. Harrison, 37 F.4th at 501; ST at 60. The sentencing judge then imposed the two-year mandatory sentences for each aggravated identity

---

[3] There is some dispute as to when Diggins signed the Amended Plea Agreement. The signature line says February 1, 2021, but Diggins notes his office did not receive the document until late February; he also contends he would not have signed the Agreement before his client. Doc. 17 ¶ 7 n.1. The date is relevant to Harrison's ineffective assistance claims because it would show whether Diggins signed the Agreement, and therefore knew of the mandatory penalty, before the PSR was disclosed and before filing objections to the PSR. Whether his subsequent actions were reasonable, then, depends on what he knew and when. Nonetheless, rather than attempt to resolve the date discrepancy, this Court will assume, without deciding, that regardless of whether counsel knew of the mandatory minimum before, at the same time as, or after filing objections to the PSR, counsel's performance was deficient.

4

theft charge consecutively to each other, totaling 48 months. Harrison, 37 F.4th at 501; ST at 61. The sentencing judge explained that a total 60-month sentence with 48 months attributable to the aggravated identity theft counts meant the remaining conspiracy to commit bank fraud count would carry only a 12-month sentence; finding that insufficient, the sentencing judge imposed a guideline-range sentence of 71 months for the conspiracy, resulting in a total sentence of 119 months. Harrison, 37 F.4th at 501; ST at 52, 61.

After sentencing, Harrison appealed based on a violation of Rule 11 of the Federal Rules of Criminal Procedure and challenging the substantive reasonableness of his sentence to the United States Court of Appeals for the Eighth Circuit. See Harrison, 37 F.4th at 497. Rule 11 requires the court, before accepting a guilty plea, ensure the defendant knows "any mandatory minimum penalty," among other things. Fed. R. Crim. P. 11(b)(1). Under a plain error standard, the Eighth Circuit reviewed the Rule 11 violation to decide if it affected a substantial right, meaning that there was a reasonable probability he would have proceeded to trial absent the errors alleged under Rule 11 regarding the applicable mandatory penalty. Harrison, 37 F.4th at 499 (citing United States v. Dominguez Benito, 542 U.S. 74, 83 (2004); United States v. Martin, 714 F.3d 1081, 1084 (8th Cir. 2013)); see also Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). The Eighth Circuit reasoned that, because he "did not (i) object to the Final PSR, which repeated the [mandatory penalty] omission; (ii) object to the magistrate judge's Rule 11 omission in his PSR objections or at sentencing; or (iii) move to withdraw his plea after signing the Amended Plea Agreement nearly *six weeks* before the sentencing hearing," Harrison "failed to show that, but for the Rule 11 violation, he would not have pleaded guilty." Harrison, 37 F.4th at 499–500. The Eighth Circuit

5

also reviewed the reasonableness of the 119-month sentence under an abuse of discretion standard and affirmed. Id. at 501.

After obtaining no relief on direct appeal, Harrison now alleges ineffective assistance of counsel. He points to Diggins's failure to inform him of the mandatory minimum penalty or notice the Rule 11 violation as support for his motion. Doc. 1 at 4. He contends "Mr Diggin[s] without due diligence prepared documents without noticing the same [Rule 11] errors. . . . Their [sic] is no possible way for Mr Diggins to give adequate legal assistance if he cannot notice problems or rule violations in the documents he has a hand in preparing." Doc. 1 at 4. He notes, too, that Diggins should have known the sentencing judge would not depart or vary downward in sentencing because his case did not present adequate circumstances to justify such relief. Id. Next, Harrison argues Diggins would not allow him to withdraw his plea, leaving him feeling "tricked into an agreement" "that their [sic] was no possible way of actually getting." Id. at 5. Finally, Harrison claims Diggins was ineffective because counsel himself "stated that he made a mistake," "had no experience with aggravated identity cases," and encouraged Harrison to "p[u]rsue ineffective assistance of counsel." Id. at 7. These claims ultimately all relate to counsel's handling of Rule 11 matters and its effect on Harrison's guilty plea, and they will be addressed together.

## II.   Discussion

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in criminal cases. U.S. Const. amend. VI; Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). Ineffective assistance of counsel claims use the analysis first developed in Strickland v. Washington. Under Strickland, a petitioner must demonstrate (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Id. at 687. Because failing

to satisfy either prong of Strickland is sufficient to dismiss the case, a court may begin the analysis and decide the claim on either prong. Ford v. United States, 917 F.3d 1015, 1021 (8th Cir. 2019) (citing Strickland, 466 U.S. at 697).

Under the first prong of Strickland, a petitioner can show counsel's performance was deficient by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (quoting Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005)). The petitioner must demonstrate counsel did more than make a mistake or depart from common practices or norms; he must show counsel acted outside the "wide range" of practices and conduct that would constitute "reasonable professional assistance." Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting Strickland, 466 U.S. at 689). This is a difficult burden to meet because there is a presumption counsel provided constitutionally adequate assistance. Love v. United States, 949 F.3d 406, 409 (8th Cir. 2020). This Court will assume, without deciding, counsel was deficient in not advising or catching that there was a mandatory and consecutive two-year sentence for the aggravated identity theft counts and will proceed with the prejudice analysis. See Ford, 917 F.3d at 1021 (explaining courts can analyze the prejudice prong first and, where there is no prejudice, dispose of an ineffective assistance claim without determining whether counsel's performance was deficient).

Under the second prong of the Strickland test, the petitioner must be prejudiced as a result of counsel's deficient performance. Strickland, 466 U.S. at 687; Williams, 452 F.3d at 1013. This means the petitioner must show a reasonable probability—that is, a probability "sufficient to undermine confidence in the outcome"—that the result of the proceedings would have been different had counsel provided objectively reasonable representation. Meza-Lopez, 929 F.3d at

1044–45 (citation omitted). In the context of plea agreements, the relevant question is whether, absent counsel's deficient performance, there is a reasonable probability the defendant would not have entered a plea agreement and instead would have insisted on going to trial. Thompson v. United States, 872 F.3d 560, 566–67 (8th Cir. 2017) (quoting Lee v. United States, 582 U.S. 357, 363 (2017)). Post-hoc claims that the defendant would not have accepted a plea had he received adequate representation generally are insufficient to show the requisite prejudice. Meza-Lopez, 929 F.3d at 1045 (citing Lee, 582 U.S. at 369).

To determine whether a statement is merely a post hoc assertion made with the benefit of hindsight or one demonstrating prejudice, courts "look to contemporaneous evidence to substantiate a defendant's expressed preferences." See Thompson, 872 F.3d at 567. In Thompson, the trial court made comments that arguably violated the Rule 11 prohibition on the court involving itself in plea negotiations. Id. at 566–57. The United States Court of Appeals for the Eighth Circuit examined Thompson's claim of ineffective assistance of counsel for failing to object to and advise on that violation. Id. at 567. The Eight Circuit assumed, without deciding, counsel's performance was deficient and then turned to the question of prejudice. Id. For this analysis, the Eighth Circuit acknowledged multiple statements Thompson made before accepting the plea to the district court about desiring to go to trial. The Eighth Circuit recognized the "statement that he would have not pleaded guilty under these circumstances has a ring of truth, especially in light of the sentence he received . . . [but] the [contemporaneous] evidence we find is substantially to the contrary." Id. The Eight Circuit noted Thompson's "failures to object to the recommended sentencing range in [the] presentence report or his status as a career offender; to move to withdraw his guilty plea; to indicate at sentencing that he anticipated a particular sentence; or to raise at the district court any concerns about possible Rule 11 errors." Id. (citing United States v. Thompson, 770 F.3d 689,

697–98 (8th Cir. 2014)). The Eighth Circuit determined that Thompson did not suffer prejudice, emphasizing that, besides his assertions that he would not have plead guilty and would have gone to trial, Thompson's affidavit was "void of any actions Thompson took or statements he made, before, during, or after sentencing, that would demonstrate a reasonable probability that he would not have pleaded guilty had his lawyer not given the advice that he did." Id.

As in Thompson, Harrison has failed to show prejudice because the record does not reveal that he would have insisted on trial absent counsel's alleged errors. Similar to Thompson's multiple statements to the district court about intending to go to trial, Harrison supports his claim of prejudice by referencing a discussion with Diggins about wanting to withdraw his plea after the Amended Plea Agreement informed him about the mandatory penalty for the aggravated identity theft counts. Although this suggests a momentary assessment of whether accepting the plea was his best option and may "ha[ve] a ring of truth" about his intentions, Harrison's later conduct belies any inference that he ultimately would have gone to trial had Diggins not allegedly erred in advising him. In fact, all other contemporaneous evidence is "substantially to the contrary." See Thompson, 872 F.3d at 567.

For example, six weeks before sentencing, Harrison received the Amended Plea Agreement, discussed it with counsel, hesitated, but then did sign the Amended Plea Agreement which properly identified the mandatory and consecutive two-year sentences for the aggravated identity theft counts. Harrison had six weeks after the Amended Plea Agreement and before his sentencing to move to withdraw his plea, but he did not do so. Instead, he took responsibility for his actions in his allocution statement, which he filed after signing the Amended Plea Agreement and before sentencing. See CR Doc. 132. At sentencing, Harrison addressed the Court but made no reference to any Rule 11 violations, to confusion about the consecutive and mandatory two-

9

year sentences (which the court had twice mentioned), or to dissatisfaction with his counsel's advice or performance. ST 4, 6–7, 39–40, 47. Lastly, after sentencing and on direct appeal, "Harrison's appeal briefs d[id] not argue he would not have pleaded guilty, only that he could have 'tried to negotiate a more favorable plea.'" Harrison, 37 F.4th at 499. Desiring a more favorable plea does not constitute facts to support a finding of prejudice. See Thompson, 872 F.3d at 567 (requiring a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" to show prejudice (cleaned up)). Despite his comment about wanting to withdraw his plea, the contemporaneous evidence does not create a reasonable probability Harrison would have insisted on trial. Cf. Thompson, 872 F.3d at 567.

Further, as the Eighth Circuit reasoned in its Rule 11 "substantial right" analysis, the terms of the plea agreement and his change of plea hearing do not suggest a reasonable probability Harrison would have gone to trial had he known about the mandatory penalty earlier.[4] Although two-year consecutive sentences for aggravated identity theft were a belated surprise, the record demonstrates Harrison knew of all other potential risks associated with pleading guilty—including that the district judge could sentence him to more than 60 months despite the joint

---

[4] This Court reviews Harrison's ineffective assistance claim independently of the Eighth Circuit's analysis of the Rule 11 error. Nonetheless, the logic in one makes equal sense in the other. The direct appeal addressed whether the Rule 11 error "affect[ed Harrison's] substantial rights," Fed. R. Crim. P. 52(b), and the analysis here determines whether counsel's deficient performance prejudiced him, Strickland, 466 U.S. at 687. The "affects a substantial right" and "prejudice" standards both ask whether the result would have been different absent the alleged error. On appeal, the alleged error was not telling Harrison about the mandatory minimum and consecutive two-year sentences under Rule 11; here, the error is Diggins's failing to inform Harrison of, and advise on or object to errors under Rule 11 regarding, the same mandatory minimum. Therefore, both cases ask the same question: would Harrison have not pleaded guilty had he known about the mandatory minimum earlier? It should not be surprising, then, if this Court independently employs the same reasoning the Eighth Circuit did in answering the same question. To be certain, it is difficult to imagine a scenario where a Rule 11 error did not change the outcome of a proceeding but counsel's failure to advise on or object to that same nondispositive error did.

recommendation, that the aggravated identity theft sentences could be imposed consecutively instead of concurrently, and that it would be difficult to withdraw a guilty plea. Doc. 91 at 5; PT at 8. Harrison knew the government would drop thirteen charges against him, which "reduced his statutory imprisonment exposure by over 300 years and his statutory fine exposure by over $10 million." Harrison, 37 F.4th at 499. He also secured a recommendation for a 60-month sentence from the AUSA and an offense-level reduction for acceptance of responsibility. See CR Doc. 91 at 4–5. Under these circumstances, the evidence does not support a reasonable probability that Harrison would have preferred trial to the plea deal containing a recommended 60-month sentence, even had counsel advised him about the mandatory minimum two-year consecutive penalty for aggravated identity theft or challenged the Rule 11 errors from the start.

Harrison's conduct before, during, and after sentencing and the terms of the plea agreement do not demonstrate a reasonable probability that he would have insisted on trial absent counsel's alleged errors relating to Rule 11 and his guilty plea. Therefore, even assuming the existence of ineffective assistance of counsel, Harrison has failed to demonstrate prejudice and is not entitled to relief under § 2255. For this reason, this Court need not conduct an evidentiary hearing. After all, a hearing on a § 2255 motion is not required "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Love, 949 F.3d at 411 (8th Cir. 2020) (cleaned up and citations omitted). Harrison has not demonstrated a reasonable probability that, absent counsel's alleged mistakes relating to the Rule 11 violation and his guilty plea, he would have gone to trial. Rather, the terms of the plea agreement and his subsequent conduct after learning of the mandatory minimum suggest a prevailing intent to have pleaded guilty. Harrison's understandable disappointment in

the ultimate sentence being greater than the joint recommendation in the plea agreement does not merit granting this § 2255 motion.

### III. Conclusion

For the reasons explained, it is

ORDERED that the United States' Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Doc. 19, is granted. It is further

ORDERED that Harrison's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. 1, is denied and his case is dismissed without an evidentiary hearing.

DATED this 2nd day of November, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE